# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **REYNALDO HERNANDEZ JR.,** *Plaintiff* | § § § |
| **v.** | § §   Case No. 1:24-cv-00565-SH |
| **THE CITY OF AUSTIN,** *Defendant* | § § § |

## ORDER

On December 13, 2024, the District Court reassigned this case to this Magistrate Judge pursuant to the parties' consent. Dkt. 16. Now before the Court is Defendant City of Austin's Motion to Strike Plaintiff's Amended Complaint, filed January 7, 2025 (Dkt. 19).

### I. Background

Plaintiff Reynaldo Hernandez Jr., who is proceeding *pro se*, filed this employment discrimination suit against his employer, the City of Austin, in Texas state court on April 9, 2024. Plaintiff's Original Petition and Request for Disclosures, Dkt. 1-3 at 2-11. Hernandez, who works as a Project Manager in the City's Parks and Recreation Department, alleges that he was discriminated against, harassed, bullied, and retaliated against because of his age and ethnicity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and Chapter 21 of the Texas Labor Code.

The City removed this case to this Court on May 23, 2024, invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1. The Scheduling Order, which was agreed to by the parties, required "all motions to amend or supplement pleadings or to join additional parties" to be filed by October 18, 2024. Dkt. 7 at 1. Two months after this deadline, Hernandez filed "Plaintiff's Amended Petition and Request for Disclosures," which the Clerk docketed as an "Amended Complaint." Dkt. 18. The Amended Complaint appears to be a duplicate of Plaintiff's

1

Original Petition and Request for Disclosures filed in state court. Hernandez did not seek leave from the Court to file the Amended Complaint and did not confer with the City before filing it. Dkt. 19 at 1. The City did not consent to the late filing. *Id.*

The City moves to strike the Amended Complaint as untimely under the Scheduling Order. Dkt. 20. Hernandez did not respond to the Motion to Strike.

## II. Analysis

Federal Rule of Civil Procedure 15 governs amendments to pleadings. A party may amend its pleading once as a matter of course no later than 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after the service of a responsive pleading or motion under Rule 12(b), (e) or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2).

Rule 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b)(4) specifies that once a scheduling order has been issued, it "may be modified only for good cause and with the judge's consent."

To determine whether good cause exists, courts consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters.*, 315 F.3d at 536. Hernandez satisfies none of these elements. Because his Amended Complaint violates the Scheduling Order and he has not received permission to file it, the Court strikes the Amended Complaint.

### III.  Order

The Court **GRANTS** Defendant City of Austin's Motion to Strike Plaintiff's Amended Complaint (Dkt. 19) and **ORDERS** the Clerk to **STRIKE** the Amended Complaint (Dkt. 18) from the record.

**SIGNED** on February 22, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE