IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REYNALDO HERNANDEZ JR.,<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:24-cv-00565-SH |
| CITY OF AUSTIN,<br>*Defendant* | §<br>§ | |

## ORDER

Now before the Court are Defendant's Opposed Motion to Compel Plaintiff's Deposition, filed August 13, 2025 (Dkt. 26); Plaintiff's Response, filed August 20, 2025 (Dkt. 30); Defendant's Reply, filed August 21, 2025 (Dkt. 33); and Plaintiff's Motion for Leave to File Sur-Reply to the Honorable United States Magistrate Judge, filed August 25, 2025 (Dkt. 34).[1]

The Court **GRANTS** Plaintiff's Motion for Leave to File Sur-Reply to the Honorable United States Magistrate Judge (Dkt. 34) and has considered the surreply brief and supporting materials filed by Plaintiff Reynaldo Hernandez Jr., who is proceeding *pro se*.

Plaintiff filed this employment discrimination case against the City of Austin in April 2024, nearly seventeen months ago. Plaintiff has not yet been deposed; Defendant states: "Conducting discovery in this case has been a challenge." Dkt. 26 at 1. The Court granted Defendant's previous motion to compel when Plaintiff failed to timely respond to written discovery. Dkt. 13. After Defendant noticed Plaintiff's deposition for July 25, 2025, Plaintiff proposed that he instead be deposed March 17-21, 2026, just before the March 27, 2026 discovery deadline. Dkt. 25 ¶ 3; Dkt. 26-1 at 4. Defendant seeks to schedule Plaintiff's deposition the week of September 22, 2025.

---

[1] The Court does not address the merits of Plaintiff's Motion for Leave to Amend Complaint to Add ADEA Claim, filed August 20, 2025 (Dkt. 29), in this Order but **ADMONISHES** Plaintiff that his email to counsel for Defendant at Dkt. 35-1 does not satisfy the good-faith conference requirement of Local Rule CV-7(g).

Plaintiff offers no persuasive reason to delay his deposition until immediately before discovery closes. As the parties point out, his claims arise from events that allegedly took place in 2021 and 2022. While Plaintiff seeks more time to "incorporate" evidence from October 2023 and May of this year, Dkt. 30 at 1, the Court finds that appearing for deposition in September will offer him ample time to prepare. Plaintiff also discusses a new complaint he filed with the City Auditor's Integrity Unit in June 2025, but explains that he "does not contend that deposition must wait for the CAIU review to conclude." Dkt. 34-1 at 3. The Court agrees and finds that Plaintiff, a City of Austin employee, has not shown he is unavailable for deposition during the week of September 22, 2025 and identifies no prejudice he will suffer from being deposed then.

For these reasons, the Court **GRANTS** Defendant's Opposed Motion to Compel Plaintiff's Deposition (Dkt. 26) and **ORDERS** Plaintiff to appear for deposition **in person** at the noticed time at counsel for Defendant's office at Austin City Hall on **September 22, 2025**, or another weekday and time mutually agreeable to the parties that same week and no later than September 26, 2025.

The Court warned Plaintiff of his obligation to cooperate fully with opposing counsel in the discovery process and to sit for deposition during the July 28, 2025 hearing on Defendant's motion to enter an amended scheduling order. This is his second warning. *See, e.g.*, *Kennedy v. Credence Res. Mgmt.*, No. SA-23-CA-00470-FB, 2024 WL 5398772, at *2 (W.D. Tex. Oct. 3, 2024) ("Even in the case of *pro se* plaintiffs, courts within this District have dismissed with prejudice for want of prosecution when the plaintiff failed to cooperate in the discovery process, failed to prosecute their case, and ignored prior warnings by the court, as occurred here.").

**SIGNED** on August 25, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE